E-FILED
Tuesday, 05 December, 2006  12:27:24 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 06-3052M |
| JAMES J. DENBY, JR., | ) |
| Defendant. | ) |

### ORDER OF DETENTION

In accordance with the Bail Reform Act, 18, United States Code, Section 3142(f), a detention hearing was held in this case on November 27, 2006. The following facts require the detention of the defendant, James J. Denby, Jr., pending trial.

### I. Findings of Fact and Conclusions of Law

1.  Title 18, United States Code, Section 3142(f) provides that a judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the defendant as required and the safety of any other person and the community upon motion of the United States.

2.  Title 18, United States Code, Section 3142(e)(1) provides that a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if the judicial officer finds that the defendant has been convicted of a Federal offense that is described in subsection (f)(1). Subsection (f)(1) describes an offense under the Controlled Substances Act (21

U.S.C. 801 *et seq.*) for which a maximum term of imprisonment of ten years or more is prescribed.

3.  The defendant has been previously convicted in this court of the Federal offense of conspiracy to distribute a controlled substance in case number 88-30034-004. The maximum term of imprisonment prescribed for the offense was over ten years. The defendant received a ten year sentence

4.  Title 18, United States Code, Section 3142(e) provides that a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the defendant committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*).

5.  The defendant is charged by Complaint with the possession of methamphetamine with the intent to distribute in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(viii) of the Controlled Substance Act. The maximum term of imprisonment is more than 10 years. There is probable cause to believe that the defendant committed the offense of possession with the intent to distribute methamphetamine as charged in the Complaint, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(B)(viii). The United States has moved to detain the defendant.

6.  Based upon the above, the court finds in this case that there is a rebuttable

presumption under Section 3142(e) that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community as required.

7. The court further finds that the defendant has not rebutted the presumption under Section 3142(e).

8. Clear and convincing evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community as required.

## II. Reasons For Detention

9. The information contained in the government's oral proffer of evidence regarding detention is accepted as true for purposes of these proceedings. The parties have presented evidence and made arguments which have been considered by the court. The court also accepts as true the factual information in the Pretrial Services Report.

10. Based upon credible evidence and information submitted at the detention hearing, the Court finds:

   A. There is probable cause to believe that the defendant committed the offense of possession with the intent to distribute methamphetamine as charged in the Complaint, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(B)(viii).

   B. The defendant is facing a potential mandatory minimum sentence of five years imprisonment and a maximum sentence of forty years imprisonment.

  C. According to the Pretrial Services Report the defendant has two prior felony drug convictions.

  D. According to the Pretrial Services Report the defendant is currently charged in Montgomery County, Illinois and Perry County, Missouri with drug offenses.

  E. The instant offense is alleged to have occurred while the defendant was on pretrial release in a case pending in the State of Missouri.

  F. Approximately 10 grams of a white powdery substance that tested positive for methamphetamine was found in the defendant's bedroom. An additional 500 grams of a liquid substance of suspected methamphetamine was also found in the defendant's bedroom. Found inside a shed on the defendant's property was a clandestine methamphetamine laboratory containing various items commonly used to manufacture methamphetamine, including glassware, Drain-O drain cleaner, salt, plastic tubing, and pseudoephedrine tablets. Agents also located in another building on the property a container which tested positive for the presence of anhydrous ammonia.

  G. According to the Pretrial Services Report a confidential informant advised law enforcement officials that the defendant told the confidential informant that the defendant was contemplating fleeing the jurisdiction upon conviction of a drug case pending in the State of Missouri.

  H. The United States Probation Office has recommended detention of the defendant.

  11. The Court has considered all of the factors listed in 18, United States Code,

Section 3142(g) and all of the evidence and information presented by the parties relating to those factors. After weighing those factors and the available evidence, the Court concludes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community as required based upon the weight of the evidence against the defendant, the seriousness of the offense, the defendant's prior criminal history, including two drug convictions, the alleged commission of the instant offense occurred while the defendant was on pretrial release in a case pending in the State of Missouri, and the statement attributed to the defendant that he would flee the jurisdiction if convicted of the offense pending in the State of Missouri. Therefore, the United States motion for detention is allowed.

IT IS THEREFORE ORDERED that the defendant, James J. Denby, Jr., is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

s/ Byron G. Cudmore
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

Entered: N̶o̶v̶e̶m̶b̶e̶r̶X̶X̶X̶X̶X̶2̶0̶0̶6̶.

December 5, 2006