**E-FILED**
Tuesday, 10 April, 2007  04:26:18 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITES STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-CR-30087 |
| | ) | |
| JAMES J. DENBY, JR. and | ) | |
| JESSICA L. RABICH, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is the Government's Petition for Writ of Habeas Corpus *ad testificandum* [23] asking for the Court to enter an order requiring Robert Scott, a "potential witness", to appear April 30, 2007 at 9:00 a.m. to appear and testify before the Grand Jury.  The Court notes an indictment was returned December 7, 2006 [11] and a superceding indictment returned on April 4, 2007 [24].  It is universally recognized that it is improper to use the Grand Jury for the purpose of preparing an already pending indictment for trial.  The Grand Jury's role is to investigate possible criminal conduct in order to determine whether to return an indictment;  it is

not part of that role for the Grand Jury to conduct discovery in a pending criminal case - see Grand Jury Law and Practice, Section 9:16, October 2006.  The Government may not use the Grand Jury for the sole or primary purpose of obtaining evidence against a Defendant who has been indicted. U.S. v. Badger, 983 F.2d 1443, 1458 (7th Cir., 1993).

The Court takes the Government's Petition for Writ of Habeas Corpus *ad testificandum* [23] under advisement.  The Government to file authority for its request by April 16, 2007 in light of this Order.

ENTER:    April 10, 2007

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE