IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06-30087 |
| | ) | |
| JAMES DENBY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DECLARE SEARCH OF DEFENDANT'S RESIDENCE AND PROPERTY
UNCONSTITUTIONAL AS A VIOLATION OF THE FOURTH AMENDMENT AND
SUPPRESS ALL EVIDENCE WHICH ARE THE FRUITS OF THIS ILLEGAL SEARCH**

Although the Seventh Circuit has not directly addressed this issue, other federal courts have held that the mere smell of anhydrous ammonia does not authorize the search of the area where the anhydrous was allegedly smelled, and certainly does not allow the search of a residence located near the area of the smell.  Probable cause to issue a search warrant exists if there is a "fair probability that contraband or evidence of a crime will be found in a particular place."  *Illinois v. Gates,* 462 U.S. 213, 238 (1983).  In making a determination of probable cause, the relevant inquiry is not whether particular conduct is innocent or guilty, but the degree of suspicion that attaches to particular types of non-criminal acts."  *Gates*, 462 U.S. at 243, fn.13.  Probable cause requires that police have a substantial basis for believing that a search would uncover evidence of criminal activity. *United States v. Horn*, 187 F.3d 781, 785 (8th Cir. 1999).

If the information for probable cause comes from an informant, the test to be applied in challenging probable cause is the totality of the circumstances. *Gates*, 462 U.S. at 230. An informant's veracity, reliability, and basis of knowledge are highly relevant in determining the value of the information. *Id.* In this case, the affidavit and complaint for search warrant fail to mention anything whatsoever regarding the veracity and/or reliability of the informant (Buus). Furthermore, the alleged smell of an otherwise innocuous substance (the anhydrous ammonia) by a non law enforcement official in a remote area does not provide authorities probable cause to believe that a crime is being committed and justify the subsequent search of a residence and property

In *Kleinholz v. United States*, 339 F.3d 674 (8th Cir. 2003), the court addressed a similar issue. There, law enforcement officers responded to an anonymous tip stating that a methamphetamine factory was located in a yellow house in Lincoln, Nebraska. Upon approach to the house, (presumably located in an urban area), they became aware of a chemical odor, ether. Some officers testified that they associated the smell of ether to the presence of a methamphetamine lab. 339 F.3d at 675-76. A friend of the defendant was on the front porch, and the individual consented to a pat down search which revealed the presence of marijuana and drug paraphernalia. The court held, in this instance, that exigent circumstances justified an immediate but limited search of the residence due to the law enforcement officers' knowledge of the volatile nature of methamphetamine labs. 339 F.3d at 677.

The *Kleinholz* case relies heavily on the case of *United States v. Walsh*, 299 F.3d 729 (8th Cir. 2002). The *Walsh* court approved a "limited search" when law enforcement officers smelled ether and observed "various pieces of equipment associated with

methamphetamine production outside of a shed." The *Walsh* court authorized a "brief warrantless search" of the shed to deal with the exigency of the belief that there existed a methamphetamine lab. *Walsh*, 299 F.3d at 734.

Anhydrous ammonia is a substance commonly used on farms and, in and of itself, is not illegal. Granted and certainly in Central Illinois, anhydrous ammonia is a substance commonly used in the manufacturer of methamphetamine. Courts should not, however, routinely grant warrants based solely upon the smell of this substance in our rural community. If so, every farm house between Quincy and Danville would be subject to a search.

When scrutinized, the affidavit for the search warrant, only states that a non law enforcement individual, Benjamin Buus, smelled a strong odor of anhydrous ammonia while standing at the entrance of a shed. Buus' observations must have been quite limited since the Defendant immediately ordered Buus off of his property. In *United States v. Tate,* 694 F.2d 1217 (9th Cir. 1982) (*reversed on other grounds*), 468 U.S. 1206 (1984), the court stated:

> The smell of a non-contraband substance having a number of legitimate uses*, standing alone*, does not establish probable cause to search a residence. *Tate*, 694 F.2d at 1221 (9th Cir. 1982)*.*

Simply put, there must be some corroboration of the odor of a common ingredient in a rural setting to justify the issuance of a search warrant. *See, e.g. United States v. Ryan,* 293 F.3d 1059, 1062 (8th Cir. 2002). *("*The odor of ether, coupled with the other facts of the case*, (e.g. ,* established probable cause*.")*

Assuming for the sake of argument that the affidavit and search warrant were sufficient to justify a search of the shed where the anhydrous ammonia was allegedly smelled, it is quite a stretch for that smell by an unknown and unreliable witness to justify a search fo the residence.

In *Freeman v. United States.*, 685 F.2d, 942 (5th Cir. 1982), the court held that evidence that a defendant has engaged in drug activity does not automatically establish probable cause that evidence of his criminal activity will be found in his home. *Freeman*, 685 F.2d at 949. In *United States v. Hohn*, 2006 U.S. Dist. Lexis 3018 (M. D. N. CAR 2006), the court was faced with a similar issue as presented in the instant case).

There, the Court found that although there may have been probable cause to justify the search of a garage and shed located upon the Defendant's property, there was no information contained in the affidavit to justify a search of the Defendant's house. *Hohn*, p. 25-26. In so holding, the Court relied upon the Circuit Court's decision in *United States v. Lalor*, 996 F.2d 1578 (4th Cir. 1993), which stated, "In this and other circuits, residential searches have been upheld only where some information links the criminal activity to the defendant's residence."

In the instant case, there was absolutely no nexus between the alleged odor of anhydrous ammonia located in the shed with the residence of the Defendant. To hold otherwise would authorize the search of any rural residence simply because of a smell of anhydrous ammonia located in a nearby shed or barn.

For the foregoing reasons, the affidavit for the search warrant, as well as the search warrant, failed to contain sufficient facts to authorize the search of the Defendant's, and more specifically, the Defendant's residence. All of the methamphetamine and alleged contraband found in shed and/or residence and any statements allegedly given by the Defendant pursuant to the warrant and his arrest should be suppressed.

          Respectfully submitted,

          JAMES DENBY, JR., Defendant

By:     /s/ Richard D. Frazier
          One of His Attorneys

Richard D. Frazier (6193113)
METNICK, CHERRY, FRAZIER, SABIN & PERRIN, L.L.P.
Attorneys at Law
Suite 200 Myers Building
P.O. Box 12140
Springfield, IL  62791
(217)753-4242

## CERTIFICATE OF SERVICE

    I hereby certify that on <u>January 25, 2008</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Assistant U.S. Attorney Greg Harris

        Attorney Michael J. Drake

        <u>/s/ Richard D. Frazier</u>