E-FILED
Friday, 08 February, 2008  04:53:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-30087 |
| v. | ) | |
| | ) | |
| JAMES DENBY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS
EVIDENCE**

The United States of America by its attorneys, Rodger A. Heaton, United States

Attorney for the Central District of Illinois, and Assistant United States Attorney

Gregory K. Harris, respectfully submits its response to the defendant's motion to

suppress. In opposition to the motion, the government states the following:

**FACTS**

On April 4, 2007, the defendant, James Denby, Jr., was charged in a second

superceding indictment with conspiracy to manufacture and distribute

methamphetamine, in violation of Title 21, U.S.C., Section 846 (count 1), conspiracy to

steal and transport anhydrous ammonia, in violation of Title 21, U.S.C. Section 846

(count 2), conspiracy to manufacture methamphetamine, in violation of Title 21, U.S.C.,

Section 846 (count 3) possession of a listed chemical, in violation of Title 21, U.S.C.,

Section 841(c)(2), and using a place to manufacture methamphetamine, in violation of

Title 21, U.S.C., Section 856(1).

**Application for Search Warrant**

On November 14, 2006, Inspector Brian Lawton of the Illinois State Police made an application for a search warrant to Macoupin County Circuit Court Judge Diane L. Brunton.  (See Exhibit 1).  The search warrant requested authorization to search the defendant's residence and any outbuildings or vehicles located at 11490 Liberty Church Road, Carlinville, Illinois in Macoupin County.  An affidavit in support of the search warrant was submitted to the court in support of the search warrant.  (See Exhibit 1). The affidavit contained some of the following facts:

On November 9, 2006, an individual named Benjamin D. Buus met with the defendant and inquired if he had any work for him.  Buus also asked the defendant when he could go to the defendant's house and retrieve his father's truck that was stored on the defendant's property.  The defendant told Buus that he had no work but that Buus could come by the defendant's house and pick up his father's truck anytime. Four days later, on November 13, 2006, Buus went to the defendant's house to retrieve his father's vehicle.  Buus was met by the defendant at the entrance of a shed located on the north end of the property.  When the defendant saw Buus on his property, contrary to his invitation four days earlier, the defendant started yelling at him and told Buus to "get the fuck off the property."  After Buus explained why he was on the property the defendant told Buus,  "You need to leave."  Buus could smell a very strong odor of anhydrous ammonia coming from the shed, but observed no farm equipment in the area such as big tractors, anhydrous ammonia applicators, or any anhydrous ammonia

tanks.  Buus was familiar with the smell of anhydrous ammonia because he grew up on a farm.

The affidavit further stated that Buus reported his observations to Inspector Brian Lawton of the Illinois State Police at 9:15 p.m. on November 13, 2006.  Inspector Lawton was assigned to the South Central Illinois Drug Task Force and was knowledgeable that anhydrous ammonia is commonly used in the manufacture of methamphetamine. Inspector Lawton confirmed with the Macoupin County Sheriff's Department  that the defendant lived at 11490 Liberty Church Road, Carlinville, Illinois in Macoupin County.  A description of Denby's residence and its location was provided in the affidavit.  Inspector Lawton further stated in the affidavit that he was familiar with everything contained in the affidavit and that everything contained in the document was true to the best of his knowledge.  The affidavit requested authorization to search for, among other items, anhydrous ammonia, tanks used to store anhydrous ammonia, pseudoephedrine pills, lithium batteries, inorganic solutions, acids, tubing, and surveillance equipment. Finally, Inspector Lawton signed the affidavit under oath.

A review of the search warrant showed that it was presented to Macoupin County Circuit Court Judge Diane L. Brunton the morning of November 14, 2006. Judge Brunton approved and signed the search warrant at 1:10 a.m.  A return from the search warrant was made to Judge Brunton on December 21, 2006.  (See Exhibit 1). The return showed that the search warrant was executed on November 14, 2006 at 2:20 a.m., approximately one hour after the search was approved by Judge Brunton.  According to

3

the return, agents seized the following:

## Search of Outbuildings

While searching outside of a white trailer, officers discovered two recipes for methamphetamine.  They also found 97 unknown yellow pills, two Dextroamphetamine pills, four Diazepam pills and two pieces of aluminum foil with methamphetamine residue.  Several bags and one box containing Cannabis was also found.  Seven containers of cannabis seeds were found.  A grey safe and a plastic hash oil press with cannabis inside was found outside of the white trailer.  Packaging materials and a blue igloo cooler with white lid and cannabis residue were found outside of the trailer.  Five cannabis sativa plants were found outside of the Harley Davidson trailer.  A video monitor was found on the northeast corner of the main shed.

## Search of Residence

### Master Bedroom

Surveillance and counter-surveillance equipment was found throughout the residence.  A gun safe was found in the master bedroom.  That safe held a glass smoking pipe with suspected methamphetamine residue found in a red flowered bag, a pint jar with approximately 246.5 grams of a clear liquid (suspect methamphetamine), coffee filters with methamphetamine residue, 3 plastic bags containing 10 grams of methamphetamine, a hot plate with clear liquid, over 50 pseudoephedrine pills, a stainless steel box containing a triple beam scale, a Rival heat/vacuum sealer along with packaging materials.  A bag containing Cannabis was found in a plastic container under

4

the bed in the master bedroom.

**Kitchen**

Two boxes of Sudafed were found in the kitchen.

## ARGUMENT

### Probable Cause Supported the Search Warrant

_____The defendant contends that there was insufficient probable cause to search his property based solely on the information provided by Buus that he smelled anhydrous ammonia coming from a shed on the defendant's property.  Contrary to the defendant's assertion, probable cause existed based upon Buus' observation of the smell of anhydrous ammonia emanating from a shed on the defendant's property coupled with (1) his knowledge of the smell of anhydrous ammonia from his experience growing up on a farm; (2) his failure to observe any farm equipment that could account for the smell of anhydrous ammonia; and (3) the defendant's effort to conceal from Buus what was taking place in the shed located on his property.

The Fourth Amendment provides that warrants may issue, but only upon probable cause, supported by oath or affirmation and particularly describing the place to be searched and the persons, or things to be seized. *United States v. Buckley*, 4 F.3d 552, 555 (7th Cir. 1993).  When an affidavit is the only evidence presented to a judge in support of a search warrant, the validity of the warrant rests solely on the strength of the affidavit.  *United States v. Peck*, 317 F.3d 754, 755 (7th Cir. 2003).  The affidavit must provide the judicial officer with a substantial basis for determining that probable cause

exists. *Illinois v. Gates*, 462 U.S. 213, 228 (1983). The judicial officer applies a practical, common sense approach to decide whether, given all the circumstances presented, a fair probability exists that contraband or evidence of a crime will be found in a particular place. *United States v. Pless*, 982 F.2d 1118, 1124 (7th Cir. 1992). The analysis requires a court to examine the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 230-39 (1983). It is presumed that an affidavit supporting a warrant is valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Therefore, "[a]lthough in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area would be largely determined by the preference to be accorded to warrants." *United States v. Ventresca*, 380 U.S. 102, 109 (1965). See also *United States v. Griffin*, 827 F.2d 1108, 1111 (7th Cir. 1987).

When an informant is used to provide the facts and circumstances that support a finding of probable cause, the court determines the legitimacy of the probable cause finding by assessing the informant's reliability, veracity and basis of knowledge. *United States v. Taylor*, 471 F.3d 832 (7th Cir. 2006). The inquiry considers whether the informant (1) had firsthand knowledge; (2) provided sufficient details; (3) relayed information which was subsequently corroborated; and (4) testified at a probable cause hearing. *Id.* at 839. The interval of time between the events and application for a warrant is also important. *United States v. Mykytiuk*, 402 F3d 773 (7th Cir. 2005).

In the present case there was sufficient evidence to establish probable cause to search the defendant's property. Inspector Lawton stated in the affidavit that based

6

upon his experience, anhydrous ammonia is used in the manufacturing of methamphetamine. The informant, Buus, told Inspector Lawton that he was standing in front of the entrance of a shed and smelled the strong odor of anhydrous ammonia coming from the shed. Buus was familiar with the smell having grown up on a farm. Buss stated that the defendant appeared and started yelling at him for being on his property although four days earlier, the defendant had invited Buus to come to his house anytime to pick up his father's truck. Significantly, the defendant told Buus to "get the fuck off the property" and that "you *need* to leave." The informant's detection of anhydrous ammonia and the defendant's behavior attempting to get rid of Buus established sufficient probable cause to believe that he was involved in the process of manufacturing methamphetamine in the shed.

The defendant argues that the odor of anhydrous ammonia is insufficient to provide probable cause that the defendant was manufacturing methamphetamine, citing two Eighth Circuit decisions, *Kleinholz v. United States*, 339 F.3d 674 (8th Cir. 2003) and *United States v. Ryan*, 293 F.3d 1059 (8th Cir. 2002). *Kleinholz* and *Ryan* are inapplicable. *Kleinholz* was a warrantless search. The court in *Kleinholz* stated that the smell of ether standing alone might support the finding of probable cause that the defendant was making methamphetamine. Moreover both the *Kleinholz* and *Ryan* decision recognized that the smell of an odor associated with the production of methamphetamine coupled with other facts could establish probable cause. The test for determining whether the detection of an odor establishes sufficient probable cause for a

search warrant was set forth in *Johnson v. United States*, 333 U.S. 10 (1948). There, the court held that while the detection of odors *alone* does not authorize a search *without a warrant* if the presence of odors is testified to before a Magistrate and he finds the affiant qualified to know the odor and the odor is one sufficiently distinctive to identify a forbidden substance, there may be sufficient basis to obtain a search warrant. In the present case, a search warrant was obtained and the factual information supporting the warrant involved the smell of anhydrous ammonia, a substance associated with the production of methamphetamine. Moreover there were additional facts present besides the smell of anhydrous ammonia to establish probable cause. Additionally, the affidavit stated that the informant who smelled the anhydrous ammonia was familiar with the smell of the substance since he grew up on a farm.

### Informant's Background

The defendant claims that the informant's conviction for forgery and the fact that he may have been on parole at the time that he reported his observations to Inspector Lawton was omitted from the affidavit in support of the search warrant. While the state court judge should be informed of an informant's criminal record, the state judge had sufficient information to judge the accuracy of the information provided by the informant and to find probable cause for the search warrant.

The inquiry to determine the reliability, veracity and basis of knowledge of an informant requires the court to consider whether the informant (1) had firsthand knowledge; (2) provided sufficient details; (3) relayed information which was

8

subsequently corroborated; (4) testified at a probable cause hearing; and (5) the interval

of time between the events and application for a warrant. *United States v. Taylor*, 471

F.3d 832 (7th Cir. 2006) and *United States v. Mykytiuk*, 402 F3d 773 (7th Cir. 2005). In the

present case, the informant had firsthand knowledge of the information that he

provided to Inspector Lawton. The reporting of the information from the informant to

Inspector Lawton occurred within 45 minutes of the informant's observations. The

informant provided sufficient details of the event. He informed Inspector Lawton of

the time and place of his observations. The informant indicated that he had previously

been invited to the property by the defendant four days earlier and then was rebuffed

when he appeared. The informant told Inspector Lawton that he smelled a strong odor

of anhydrous ammonia emanating from a shed near the defendant and that the

defendant acted as if he did not want the informant to see what was in the shed. The

information the informant provided to Inspector Lawton was corroborated in part.

Inspector Lawton determined that the property where the informant made his

observations was the defendant's residence, and then obtained a description of the

residence and outbuildings for the search warrant. Although the informant did not

appear before the state judge this factor alone is not sufficient to determine the

informant was unreliable. *United States v. Taylor* at 840 **("**No one factor is dispositive."**)**.

Finally, the interval between the informant's observations and the application of the

warrant was very short. The informant told Inspector Lawton that he spoke with the

defendant at approximately 8:30 p.m. on November 13, 2006. The informant reported

his observations to Inspector Lawton at 9:15 p.m. that day.  The search warrant issued at 1:10 a.m. the morning of November 14, 2006.

## **Scope of the Warrant**

The defendant contends that even if there was probable cause to search the shed, the search of the defendant's residence was improper for lack of probable cause. However, the search of the defendant's residence was supported by probable cause because it was likely that evidence of the manufacturing of methamphetamine would be found in the residence.

The defendant argues that even if there was probable cause to search the defendant's shed based upon the informant's observation, the search warrant was too overbroad because it allowed the search of the defendant's residence.  The defendant's argument is flawed because the court's have held that where drugs are involved, it is likely that there will be evidence of the drugs in the defendant's residence.  The court in *United States v. Walker*, 2005 WL 1802258 (7th Cir. 2005)   was confronted with the same issue.  The court noted that general participation in a drug trafficking scheme may be enough to create probable cause to search a person's home even without direct evidence that drug-related activity was occurring there because evidence is likely to be found where the dealers live.  See also *United States v. Mykytiuk*, 402 F.3d 773 (7th Cir. 2005). Consequently, there was sufficient probable cause for the state court judge to include the defendant's residence within the scope of the search warrant.

10

## **Good Faith**

Assuming that the search warrant lacked probable cause, the search should be upheld under the good faith exception to the exclusionary rule because Inspector Lawton relied upon the court's issuance of a facially valid search warrant.

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court held that the Fourth Amendment's exclusionary rule does not apply to evidence obtained by police officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate. 468 U.S. at 913. In so holding, the Court stated:

> In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.

*Id.* at 926.

A law enforcement official's decision to obtain a warrant is *prima facie* evidence that he was acting in good faith. (Citations omitted) To rebut this evidence [the defendant] must show that the magistrate simply rubber-stamped the warrant application, the officers were dishonest or reckless in preparing the affidavit, or the warrant was so lacking in probable cause that no officer could have relied on it. *United States v. Peck*, 317 F.3d 754, 757 (7th Cir. 2003). To determine if the officer exhibited objectively good-faith reliance, the court asks whether a reasonably well-trained officer would have known that the search was illegal despite the state judge's authorization. *United States v. Dickerson*, 975 F.2d 1245, 1249 (7th Cir. 1992).

11

In the present case, Inspector Lawton received a tip late in the evening from an informant that the defendant was manufacturing methamphetamine at his residence. Inspector Lawton corroborated the location as the defendant's residence and then applied for a state search warrant from a state judge at approximately 1:10 a.m. in the morning. The state judge approved the search warrant based upon Inspector Lawton's affidavit and Inspector Lawton relied upon the judge's authorization to execute the warrant. Inspector Lawton had been a Police Officer for the past five years according to the affidavit. No legitimate interest would be protected from the exclusion of evidence in this case.

_____WHEREFORE, the United States of America respectfully requests that the defendant's motion be denied.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY

s/ Gregory K. Harris
Gregory K. Harris
Illinois Bar 1135163
United States Attorney's Office
318 South Sixth Street
Springfield, IL 62701
Telephone: 217/ 492-4450
Fax: 217/ 492-4044
E-mail: gregory.harris@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on <u>February 8, 2008</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard Frazier
Attorney at Law

Michael Drake
Attorney at Law

s/Gregory K. Harris
Gregory K. Harris

E-FILED
Friday, 08 February, 2008  04:55:07 PM
Clerk, U.S. District Court, ILCD

*State of Illinois*

*Circuit Court*

*Seventh Judicial Circuit*

*Diane L. Brunton*
*Associate Circuit Judge*
*Macoupin County Courthouse*
*P.O. Box 197*
*Carlinville, Illinois 62626*
*Telephone (217) 854-3211*
*Fax (217) 854-8461*

April 12, 2007

*Counties:*
*Greene*
*Jersey*
*Macoupin*
*Morgan*
*Sangamon*
*Scott*

 

   I, Diane L. Brunton , Associate Judge in Macoupin County, Seventh Judicial Circuit
hereby certify that the attached documents are true copies of the Affidavit and
Complaint for Search Warrant;Search Warrant;Return of Search Warrant  and Inventory
issued in the case of People vs. James Jordan Denby Jr. Macoupin County Case 06-CF-287.
I further certify that the original of these papers are located in the State's Attorney
Office, Macoupin County Courthouse, Carlinville, Illinois. 62626

_____
Diane L. Brunton

# MIKE MATHIS

**Circuit Clerk of Macoupin County**
**217-854-3211**



MACOUPIN COUNTY COURTHOUSE
POST OFFICE BOX 197
CARLINVILLE, ILLINOIS 62626-0197
FAX 217-854-7361



**STATE OF ILLINOIS**
                              SS
**MACOUPIN COUNTY**

I, Mike Mathis, Clerk of the Circuit Court in and for said County, in the State aforesaid, do hereby certify that _____Diane L. Brunton_____, whose genuine signature appears to the foregoing certificate, was at the time of signing the same, Judge of Circuit Court of said County duly commissioned and qualified; that full faith and credit are and of right ought to be given to all her official acts as such in all Court of Record and elsewhere.

Dated:    April 12, 2007


_____
(Clerk of the Circuit Court)

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
MACOUPIN COUNTY

| | | | |
|---|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) | | |
| | ) | | |
| vs. | ) | No. | *06 cF 287* |
| | ) | | |
| JAMES J. DENBY Jr. | ) | | |

### AFFIDAVIT AND COMPLAINT FOR SEARCH WARRANT

Brian Lawton, being duly sworn on his oath according to law, deposes and states as follows:

That he is a Inspector with the Illinois State Police, currently assigned to the South Central Illinois Drug Task Force, and has been employed as a police officer for the past five years.

That on November 13, 2006, at approximately 9:15 p.m., your affiant had the occasion to speak with Benjamin D. Buus. Buus advised your affiant that on November 09, 2006, he spoke with James J. Denby Jr., inquiring if Denby had any work for him and if he could retrieve his father's truck that was being stored at Denby's residence. Buus advised that Denby told him that he did not have work for Buus, but that Buus could come out to Denby's residence anytime to retrieve Buss' father's vehicle. Buus advised your affiant that on today's date at approximately 8:30 p.m., Buus went to Denby's residence to retrieve his father's vehicle. Buus advised that he met with Denby at the entrance of a shed located on the north end of the property. Buus advised that Denby started to yell at him and told him to "get the fuck off the property". Buus advised that he told Denby who he was and why he was at the property, to which Denby replied "Buus you need to leave". While speaking with Denby Buss advised that he could smell a very strong odor of anhydrous ammonia coming from the shed. Your affiant asked Buus how he knew the odor was anhydrous ammonia. Buus advised your affiant that he grew up on a farm and was very familiar with the smell and uses of anhydrous ammonia. Your affiant asked Buus if he observed any farm equipment ie. big tractors, anhydrous ammonia applicators, or any anhydrous ammonia tanks, to which Buus advised "no". Your affiant knows through extensive training and experience that anhydrous ammonia is used in the production and manufacturing of methamphetamine.

*residence (DD)*
*11/14/06*

That upon checking with the Macoupin County Sheriff's Department inmate intake database, your affiant has confirmed that JAMES JORDAN DENBY listed his information at 11490 Liberty Church Road, Carlinville, Macoupin County, Illinois.

Based upon the above information, your affiant has reasonable cause to believe and does believe that located at the property located at 11490 Liberty Church Road, Carlinville, Macoupin County, Illinois, being a white single family multi-story home with outbuildings, is fruits of the offense of Violation of the Illinois Methamphetamine Control Act.

WHEREFORE, your affiant prays that a Search Warrant be issued for the above described property located at 11490 Liberty Church Road, Carlinville, Macoupin County, Illinois, being a white single family multi-story home, outbuildings and any and all vehicles located at the property, for locating fruits of the crimes of Violation of the Illinois Methamphetamine Control Act, being anhydrous ammonia, tanks used to store anhydrous ammonia, pseudoephedrine pills, lithium batteries, acetone, inorganic solutions, acids, hydrogen gas generators, tubing, aquarium pumps, and drug paraphernalia, surveillance / counter surveillance, any United States Currency and any other property obtained, by proceeds acquired through, or used to further the process of violating the Illinois Methamphetamine Act.

Insp. Brian Lawton #9637

Inspector Brian Lawton #9637

State of Illinois                )
                                 ) ss
County of Macoupin

    Brian Lawton, being first duly sworn on his oath, deposes and states that he has read the above & foregoing Affidavit and Complaint for Search Warrant subscribed by him; that he is familiar with the contents therof; and that the matters & things alleged therin are true and to the best of his knowledge, information & belief.

                        Inspector Brian Lawton #9637

Subscribed & sworn to before me
November 14, 2006

-----------------------------------------------
      NOTARY PUBLIC

    The undersigned judge, having examined the foregoing Affidavit and Complaint for Search Warrant, finds that there is probable cause for the issuance of a Search Warrant and hereby orders that a Search Warrant be issued as prayed for in the above and foregoing Affidavit and Complaint for Search Warrant.

    DATED: November 14, 2006 at _____ a.m.

                               JUDGE

STATE OF ILLINOIS

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT

MACOUPIN COUNTY

THE PEOPLE OF THE STATE OF ILLINOIS     )
                                        )
                    vs.                 )        No. *06 CF 287*
                                        )
JAMES JORDAN DENBY JR.                  )

## SEARCH WARRANT

TO: Brian Lawton, Illinois State Police,  South Central Illinois Drug Task Force, Litchfield, Illinois; Macoupin County Sheriff's Department, Carlinville, Illinois, and to all Peace Officers of the State of Illinois; GREETING:

WHEREAS, Brian Lawton has on this date made a sworn complaint in writing before the Hon. _____, Judge of the Circuit Court of the Seventh Judicial Circuit, Macoupin County, Illinois, stating that he has reasonable grounds to believe and does believe that located at the residence of JAMES JORDAN DENBY Jr., 11490 Liberty Church Road, Carlinville , Macoupin County, Illinois, being described as a white single family multi-story home dwelling on the west side of the road with several outbuildings, are fruit of the crimes of Violation of the Methamphetamine Control Act, being anhydrous ammonia, tanks to store anhydrous ammonia, pseudoephedrine pills, lithium batteries, acetone, inorganic solutions, acids, hydrogen gas generators, tubing, aquarium pumps, and drug paraphernalia, surveillance / counter surveillance equipment, and any United States Currency and any other property

obtained by proceeds acquired through, or used to further the process of violating the Illinois Methamphetamine Control Act.

YOU ARE THEREFORE COMMANDED with necessary and proper assistance to enter and upon the above described residence, including any persons present within said dwelling, together with any outbuildings and vehicles located on said premises, and then diligently search for the above described items and things, all being evidence of fruit of the crime of possession of Violation of the Methamphetamine Control Act, and if the same, or any part thereof, be found upon search, to seize the same and bring the said items and things before the undersigned judge, or in his/her absence, before some other judge of the Circuit Court of the Seventh Judicial Circuit Macoupin County, Illinois, to be dealt with and disposes of according to law.

ENTERED: November 14, 2006, at _____ \: \ \o _____ a.m.

_____
JUDGE

---------------------------------------------

STATE OF ILLINOIS

IN THE SEVENTH COURT OF THE SEVENTH JUDICIAL CIRCUIT

MACOUPIN COUNTY

THE PEOPLE OF THE STATE OF ILLINOIS  )
                                     )
              vs.                    )        No. *06 CF 287*
                                     )
JAMES JORDAN DENBY Jr.               )

## RETURN OF SEARCH WARRANT

Now comes Brian Lawton, of the Illinois State Police, ISP, South Central Illinois Drug Task Force, SCIDTF, and herein makes return of the Search Warrant herein before issued by this court on November 14, 2006, at 1:10 a.m., and states that the search authorized by said Search Warrant was conducted on November 14, 2006, at approximately 2:20 a.m., and that the search was made of the residence occupied by JAMES JORDAN DENBY Jr., located at 11490 Liberty Church Lane, Carlinville, Macoupin County, Illinois, described as a white single family multi-story home with outbuildings on the west side of the road.

Participating in said search warrant were the following: Inspectors Brian Lawton, Rick Furlong, Ken Ryker, Jason Stieglitz, Special Agent Kyle McLaughlin, Sergeant Tod Dowdy, and Master Sergeant Ken Snider all of the Illinois State Police, ISP, South Central Illinois Drug Task Force, SCIDTF, and Deputies Doug McFarland, and Ryan Dixon of the Macoupin County Sheriff's Department, and Agents Melvin, Schultze, and Fisher from the ISP, Methamphetamine Response Team, MRT, and Trooper Yenchko of ISP.

A thorough search was conducted of the above premises, and the property,. Instruments, articles and things seized listed on the attached document entitled "EVIDENCE INVENTORY AND RECEIPT" were seized.

Return of the forgoing Search Warrant was made to the Honorable Judge Brunton, Judge of the Circuit Court of the Seventh Judicial Circuit, Macoupin County, Illinois , on __12-21-06__ , 2006.

_Insp. Buia Law # 9637_

Inspector Brian Lawton #9637
Illinois State Police, SCIDTF

Subscribed & Sworn to before me

_Dec 21_ , 2006

_Mary Ann Maltby_

NOTARY PUBLIC

> OFFICIAL SEAL
> **MARY ANN MALTBY**
> NOTARY PUBLIC, STATE OF ILLINOIS
> MY COMMISSION EXPIRES 4-21-2008

## ORDER

The foregoing Search Warrant, having been heretofore issued by me upon the complaint of Inspector Brian Lawton, and the same having been executed and returned to me along with the items set forth in the " EVIDENCE INVENTORY AND RECEIPT" said list being attached hereto.

IT IS HEARBY ORDERED, that the property, instruments, articles and things seized which are listed on the attached statement are hearby ordered to be held in the custody of ISP / SCIDTF and the said Inspector Brian Lawton is hereby ordered to deliver said items to whatever officer shall be at this time in charge of said department for the placement of said items in the custody of the ISP / SCIDTF pending further proceedings.

Dated: __Dec. 21__ , 2006, at _10:35_ _a_ m.

_____
JUDGE

**ILLINOIS STATE POLICE**
EVIDENCE INVENTORY
AND RECEIPT

1. Date __11/14/06__
2. Time __2:20am__
3. File/Field Report # __06.19371CL__
4. District/Office # __D-18    SCIDTF__

5. Name or Place of Business __James Denby Je__

6. Address __11490 Liberty Church Ln__
   City __Carlinville__  State __Il__  Zip __62626__

**ITEMIZED LIST OF EVIDENCE**
7. (List all items by name and serial no., if any, amount of currency, coins, etc.)

**LOCATION EVIDENCE FOUND**
8. (Specify Location)

| ITEMIZED LIST OF EVIDENCE | LOCATION EVIDENCE FOUND |
|---|---|
| Ex #1 - Bag containing Cannabis | In plastic container under Bed in MASTER BEDROOM |
| Ex #2 - Winchester firearms MODEL 1892 .38 Calibre long rifle | - Master Bedroom |
| Ex #3 - Stainless steel box containing triple beam scale | - Green Gun Safe Master Bedroom |
| Ex #4 - Rival Heat/Vacum Sealer | - Closet Master Bedroom |
| Ex #5 - 4 Surveillance/Counter Surveillance Cameras w/ wires | Throughout residence |
| Ex #6 - Heat/Vacum Packaging Materials | - Closet Master Bedroom |
| Ex #7 - Glass smoking pipe w/ suspect meth residue in Red Flowered bag | Gun Safe Master Bedroom |
| Ex #8 - Two Boxes of Sudafed | - Kitchen Cabinet |
| Ex #9 - Sakata SC100 Video Monitor | - NE Corner main shed |

9. Received From (Signature)

10. Received By (Signature) __Insp Brian Route #9637__

11. Received From (Signature)

12. Received By (Signature)

13. Received From (Signature)

14. Received By (Signature)

15. Received From (Signature)

16. Received By (Signature)

| ILLINOIS STATE POLICE EVIDENCE INVENTORY AND RECEIPT | 1. Date 11/14/06 | 3. File/Field Report # 06-1937/CL |
|---|---|---|
| | 2. Time 2:20Am | 4. District/Office # D-18 SCIDTF |

| 5. Name or Place of Business | 6. Address 11490 Liberty Church LN |
|---|---|
| James Denby JR | City Carlinville  State Il  Zip 62626 |

**ITEMIZED LIST OF EVIDENCE**
7. (List all items by name and serial no., if any, amount of currency, coins, etc.)

**LOCATION EVIDENCE FOUND**
8. (Specify Location)

| ITEMIZED LIST OF EVIDENCE | LOCATION EVIDENCE FOUND |
|---|---|
| Ex #10 Green Metal Box with assorted Ammunitions | Outside Trailer |
| Ex #11 - Box containing ten bags of cannabis Approx. 2335.3 gms | Outside Trailer in Igloo Cooler |
| Ex #12 - Box containing approx 639 gms of cannabis | Outside trailer |
| Ex #13 - Steel Force Crossbow w/4 aluminum bolts | Master bedroom |
| Ex #14 - Seven containers of cannabis seeds | Outside white trailer |
| Ex #15 - 15  44-40 caliber cartridges | Trailer outside (white) |
| Ex #16 - Various Drug Paraphernalia | Throughout residence |
| Ex #17 - Steel Gray Safe | Outside white trailer |
| Ex #18 - Methamphetamine Recipe | Inside Safe |

| 9. Received From (Signature) | 10. Received By (Signature) Insp. Brian Sart #9637 |
|---|---|
| 11. Received From (Signature) | 12. Received By (Signature) |
| 13. Received From (Signature) | 14. Received By (Signature) |
| 15. Received From (Signature) | 16. Received By (Signature) |

| White Headquarters IL 493-0007 | Canary Judge or Prosecutor | Pink Person from whom evidence was seized or property received | Goldenrod Retained by Officer ISP 1-10 (3/99) |
|---|---|---|---|

**ILLINOIS STATE POLICE**
EVIDENCE INVENTORY
AND RECEIPT

1. Date 11/14/06    3. File/Field Report # 06-1937 ICL

2. Time 2:20AM    4. District/Office # D-18 SCIDTF

5. Name or Place of Business

James Denby JR.

6. Address 11490 Liberty Church LN

City CARlinville    State Il    Zip 62626

**ITEMIZED LIST OF EVIDENCE**
7. (List all items by name and serial no., if any, amount of currency, coins, etc.)

**LOCATION EVIDENCE FOUND**
8. (Specify Location)

| ITEMIZED LIST OF EVIDENCE | LOCATION EVIDENCE FOUND |
|---|---|
| Ex # 19 - Methamphetamine Recipe | Outside white trailer |
| Ex # 20 - Assorted Legal Documents, titles, etc | Inside SAFE |
| Ex # 21 - Packaging materials | Outside Trailer |
| Ex # 22 - Passport for James Jordan Denby Jr | Inside SAFE |
| Ex # 23 - Planters nuts can Containing VARIOUS Keys | Gun SAFE MASTER BEDROOM |
| Ex # 24 - Two Aluminum foils w/meth residue | Outside white Trailer |
| Ex # 25 - Silver metal container w/ two Dextroamphetamine & 4 Diazepam pills | Outside white TRAILER |
| Ex # 26 - 97 unknown yellow pills | Outside White Trailer |
| Ex # 27 - 5 Cannabis sativa plants | Harley Davidson trailer |
| Ex # 28 - Folder w/ MISC PAPERWORK | Closet Master Bedroom |
| Ex # 29 - Plastic Hash oil Press w/cannabis inside | Outside white trailer |

9. Received From (Signature)

10. Received By (Signature)
Insp. Bill Pait #9637

11. Received From (Signature)

12. Received By (Signature)

13. Received From (Signature)

14. Received By (Signature)

15. Received From (Signature)

16. Received By (Signature)

White
Headquarters
IL 493-0007

Canary
Judge or Prosecutor

Pink
Person from whom evidence
was seized or property received

Goldenrod
Retained by Officer

ISP 1-10 (3/99)

**ILLINOIS STATE POLICE**
EVIDENCE INVENTORY
AND RECEIPT

1. Date 11/14/06
2. Time 2:20AM
3. File/Field Report # 06-1937ICL
4. District/Office # D-18 SCIDTF

5. Name or Place of Business
James Denby Jr.

6. Address 11490 Liberty Church LN
City Carlinville   State IL   Zip 62626

**ITEMIZED LIST OF EVIDENCE**
7. (List all items by name and serial no., if any, amount of currency, coins, etc.)

**LOCATION EVIDENCE FOUND**
8. (Specify Location)

| ITEMIZED LIST OF EVIDENCE | LOCATION EVIDENCE FOUND |
|---|---|
| Ex #30 - 2002 Harley Davidson Full Dress Motorcycle | - Outside white trailer |
| VIN # 1HDIPDC102Y951278 | |
| Ex #31- Blue Igloo cooler with white lid & Cannabis residue | - Outside white trailer |
| Ex #32- 1999 Jamar Motorcycle trailer w/ tarped sides | Connected to Van in Driveway |
| VIN # AHJUTI026XJ027990 | |
| Ex #33 - 7 Conch Pearls | |
| Ex #34 - 2 Einsenhower silver coins | |
| Ex #35 - 1 -1971 Einsenhower silver dollar | Inside |
| Ex #36 - 2 Kennedy 1/2 Dollars | Safe |
| Ex #37- 26 @ U.S. Currency  1 - 25¢   1 - 1¢ | |

9. Received From (Signature)
10. Received By (Signature) Insp. Brian Lant #9637
11. Received From (Signature)
12. Received By (Signature)
13. Received From (Signature)
14. Received By (Signature)
15. Received From (Signature)
16. Received By (Signature)

White — Headquarters
Canary — Judge or Prosecutor
Pink — Person from whom evidence was seized or property received
Goldenrod — Retained by Officer
IL 493-0007
ISP 1-10 (3/99)

**ILLINOIS STATE POLICE**
EVIDENCE INVENTORY
AND RECEIPT

1. Date  11/4/06
2. Time  2:20AM
3. File/Field Report #  06-19371CL
4. District/Office #  D-18 SCIDTF

5. Name or Place of Business
James Denby Jr

6. Address  11470 Liberty Church Ln
City  Carlinville    State  Il    Zip  62626

**ITEMIZED LIST OF EVIDENCE**
7. (List all items by name and serial no., if any, amount of currency, coins, etc.)

**LOCATION EVIDENCE FOUND**
8. (Specify Location)

| ITEMIZED LIST OF EVIDENCE | LOCATION EVIDENCE FOUND |
|---|---|
| Ex # 38 - 5 Mexican Peso Coins | Inside |
| Ex # 39 - 10 - 1942 Mint Set Complete | |
| Ex # 40 - 1 - 1963 Mexican Peso Coin | Safe |
| Ex # 41 - 1 - Misc Pen | |

9. Received From (Signature)
10. Received By (Signature)  Insp Brian Latz #9637
11. Received From (Signature)
12. Received By (Signature)
13. Received From (Signature)
14. Received By (Signature)
15. Received From (Signature)
16. Received By (Signature)

**ILLINOIS STATE POLICE**
EVIDENCE INVENTORY
AND RECEIPT

1. Date  11/14/06
2. Time  2:20 AM
3. File/Field Report #  06-19371CL
4. District/Office #  D-18 SCIDTF

5. Name or Place of Business
James Denby Jr

6. Address  11490 Liberty Church LN
City  Carlinville     State  Il     Zip 62626

**ITEMIZED LIST OF EVIDENCE**

7.    (List all items by name and serial no., if any, amount of currency, coins, etc.)

**LOCATION EVIDENCE FOUND**

8.    (Specify Location)

| ITEMIZED LIST OF EVIDENCE | LOCATION EVIDENCE FOUND |
|---|---|
| Ex #101 - Pint jar w/ approx 246.5gm of a clear liquid (suspect meth) | Gun safe Master Bedroom |
| Ex #102 Glass jar containing coffee filters w/suspect meth residue | Gun Safe Master Bedroom |
| Ex #103 - 3 plastic bags containing 10gm methamphetamine | Jar in Gun Safe Master Bedroom |
| Ex #104 - Hot plate w/ clear liquid - Sample jar taken from plate w/approx 204.1gms | Closet Master Bedroom |
| Ex #105 - Plastic bag with 1 gm of methamphetamine | |
| Ex #106 - 32 Pseudoephedrine pills w/boxes | |
| Ex #107 - 20 Pseudoephedrine pills w/box | |
| Ex #108 - Dräger Air Sample tube with positive result for anhydrous Ammonia | Sample from cooler in garage |

9. Received From (Signature)

10. Received By (Signature)

11. Received From (Signature)

12. Received By (Signature)

13. Received From (Signature)

14. Received By (Signature)

15. Received From (Signature)

16. Received By (Signature)




































































































