UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Criminal No. 06-30087 |
| ) | |
| JAMES J. DENBY, JR., ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MOTION TO EXCLUDE PERSONNEL RECORDS**

The United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Gregory K. Harris, Assistant United States Attorney, hereby moves the court for an order authorizing the government not to produce a copy of a Letter of Caution and related memorandum to the defendant or his counsel. For grounds the government asserts the following:

1. One of the government's potential witnesses received a "Letter of Caution" from the witness's employer for failing to pay a credit card bill in a timely fashion. The witness acknowledged failing to pay the credit card bill in a timely fashion and subsequently paid the bill in full. In a memorandum the employer noted that the employee's failure to pay the credit bill in a timely fashion was the first occurrence of its kind by the employee, that the employee had cleared the balance on the bill, and that the employee's failure to pay the bill was an isolated incident. The memorandum recommended that the employee receive a Letter of Caution for the infraction.

2. On October 4, 2006, the witness received a Letter of Caution from the

witness's employer.  The letter stated that the issuance of the letter did not constitute formal discipline and would not be incorporated in the employee's Official Personnel Folder.  The letter ended by stating the case was closed.

## Applicable Law

3.       It is well settled that the government is required to provide to the defense any evidence favorable to the accused and material to the accused's guilt or punishment.  Brady v. Maryland, 373 U.S. 83 (1963).  The principle of Brady has been extended to require the government to disclose evidence that affects its witnesses' credibility.  Giglio v. United States, 405 U.S. 150 (1972).  Allegations of bad acts, however, are not always admissible into evidence for impeachment.  In fact, extrinsic evidence of specific instances of conduct of a witness may not be used to impeach a witness's credibility.  Fed.R.Evid. 608(b); see also United States v. Saunders, 166 F.3d 907, 920 (7th Cir. 1999).  Instead, the proponent of such evidence is limited at most to inquiring into such matters on cross-examination of the witness, and then only if (1) those matters concern the witness' character for truthfulness or untruthfulness and (2) the court allows the cross-examination in the exercise of its discretion.  Fed.R.Evid. 608(b).  The reason for allowing cross examination under Rule 608(b) is to allow a party to attempt to cast doubt on a witness's reliability for telling the truth.  Varhol v. National Railroad Passenger Corporation, 909 F.2d 1557, 1567 (7th Cir. 1990)

## Analysis

4.       The Letter of Caution issued to the witness is not probative of untruthfulness.  Nor does the Memorandum and Letter of Caution assert that the

witness was negligent in the witness's employment duties.  The Memorandum and Letter of Caution has no probative value to any issues in the case.  Because the witness may have an expectation of privacy regarding the disclosure of the witness's personnel file, the United States requests an order from the court authorizing the government not to produce a copy of the employer's memorandum or the Letter of Caution to the defendant or his counsel.

## Conclusion

Wherefore, the government respectfully requests that this Court issue an order authorizing the government not to produce a copy of the Employer's Memorandum and Letter of Caution to the defendant or his counsel.  If the court determines that the Employer's Memorandum and Letter of Caution should be turned over to the defendant, the government requests an opportunity to prepare a protective order regarding the disclosure of the documents.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY


s/Gregory K. Harris
Gregory K. Harris
Illinois Bar 1135163
United States Attorney's Office
318 South Sixth Street
Springfield, IL 62701
Telephone: 217/ 492-4450
Fax: 217/ 492-4044
E-mail: gregory.harris@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on <u>February 15, 2008</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Richard Frazier
      Attorney at Law

                                     s/Gregory K. Harris
                                     Gregory K. Harris