IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-30087 |
| ) | |
| JAMES J. DENBY, JR., ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

Defendant James J. Denby, Jr. seeks compassionate release.

I.   BACKGROUND

On February 28, 2008, Defendant James J. Denby, Jr. pled guilty to three counts of a five-count second superseding indictment: conspiracy to manufacture and distribute more than 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) (Count I); conspiracy to steal and to transport stolen anhydrous ammonia, in violation of 21 U.S.C. §§ 864(a)(1) and (2) (Count II) and using a place to manufacture methamphetamine, in violation of 21 U.S.C. § 856(l) (Count V).

1

On August 18, 2008, the Defendant was sentenced to a 262-month term of imprisonment on Count I (and lower concurrent terms on Counts II and V), followed by an 8-year term of supervised release. Counts III and IV were dismissed at sentencing.

On February 28, 2011, the Defendant's imprisonment term was reduced to 228 months imprisonment.

On November 2, 2015, following a retroactive sentencing guideline amendment, the Defendant's imprisonment term was reduced from 228 months to 210 months imprisonment. According to the Bureau of Prisons (BOP) website, the Defendant is currently scheduled to be released from imprisonment on November 19, 2021.

## II.   DISCUSSION

### (A)

Since President Trump signed the First Step Act into law on December 21, 2018, defendants may now bring their motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3582(c)(1)(A). The law provides the sentencing judge with jurisdiction to consider a defense motion for reduction of sentence based on "extraordinary" or "compelling" reasons whenever "the defendant has fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]." *See* 18 U.S.C. § 3582(c)(1)(A).

Prior to filing the instant motion, the Defendant complied with BOP's 30-day requirement to evaluate his request for compassionate release due to COVID-19. In a Memorandum dated May 29, 2020, the Warden at FCI Bleckley concurred with the Unit Team's recommendation that a compassionate release/reduction in sentence be denied on the basis that Defendant did not meet the criteria. Accordingly, there is no dispute that Defendant has exhausted his administrative remedies and the Court may consider his motion.

The Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. *See* 18 U.S.C. § 3582(c)(1)(A).

The applicable guideline instructs that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for

compassionate release and the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. *See* U.S.S.G. § 1B1.13. Application Note 1 states that extraordinary and compelling reasons exist if the defendant is "suffering from a serious physical or medical condition," or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, comment (n.1).

In his motion for compassionate release, the Defendant alleges that because of the COVID-19 pandemic, health issues such as diabetes, obesity and his age (58 years old) render him high-risk for COVID-19 based on Centers for Disease Control and Prevention ("CDC") guidelines. Under the CDC guidelines, the Defendant claims he is at a high risk for hospitalization, long-term effects and death. He is considered high risk because of his health issues.

The Defendant further notes that he has served almost 90% of his sentence. The motion provides that Defendant is not a flight risk and not a danger to society, nor would he be a danger to himself if the motion is granted under the terms and conditions as ordered by the Court. He was classified as a low risk for recidivism.

The Defendant is 58 years old and weighs 250 pounds, which suggests obesity. He previously took medication of Metformin for diabetes mellitus in the past. Attached as an exhibit to the Defendant's motion are his medical records. He has had the following diagnoses: (1) Bleeding gums (gingiva), bone loss, toothache; (2) Night sweats; (3) Early skin lesions, precancerous and postcancerous lesions on left forearms; (4) Prebyopia; (5) Tinea pedis (dermatophytosis of foot); (6) Actinic keratosis; (7) Anomaly of ear, with hearing impediment and tinnitus; (8) Stimulant-related severe amphetamine type substance abuse; (9) Mild cannabis use disorder; (10) Morbid obesity; (11) Diabetes mellitus type II, controlled with exercise and special diet (and previously with medication Metformin); (12) Hypertension; (13) Cellulitis and abscess of leg (history); (14) Arthropathy of the knees (decrepitus both right and left), requiring a knee brace and Naproxen; (15) Lumbago, lower back pain; (16) Hyperlipidemia, requiring special diet, medication Simvastatin, Aspirin; and (16) Pain = level 5/10.

The Defendant claims that the COVID-19 pandemic is a particularly extraordinary and compelling circumstance that could not reasonably have been foreseen and that warrants his release. The Defendant states that, if released, he would live in his own home at 11490 Liberty Church Lane, Carlinville, Illinois 62626, and he would personally use the Carlinville Family Medical Practice. The Defendant is retired and earns income from his rental farms. He has a landline

telephone number at the residence address. The probation officer has spoken to Defendant's cousin and power of attorney, Thomas Denby, and states that the residence appears to be an acceptable living situation for the Defendant.

In its response, the Government states that BOP has taken critical measures to contain the spread of the coronavirus within its prisons. In appropriate cases, BOP has released inmates for home confinement under 18 U.S.C. § 3624(c)(2), as amended by § 12003(b)(2) of the CARES Act. Section 12003(b)(2) suspends, during the course of the current public health emergency, the limitation in § 3624(c)(2), that restricts home confinement to the shorter of 10 percent of the inmate's sentence or 6 months, upon the Attorney General's finding that emergency conditions will materially affect the function of the BOP. Attorney General Barr made those findings on April 3, 2020, conferring on the BOP the authority to expand its use of home confinement.

The BOP website states that since the Attorney General instructed BOP to prioritize home confinement in response to the COVID-19 pandemic, the BOP has placed an additional 4,600 inmates on home confinement (as of July 6, 2020), an increase of 161%. *See* www.bop.gov/coronavirus/index.jsp. These placements focus on a number of factors, including the vulnerability of the inmates, the prisons most at risk and the dangers posed by the inmates if released.

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court is authorized to grant a sentence reduction upon determining that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include certain specified categories of medical conditions. *See* U.S.S.G. § 1B1.13, cmt. n.1(A).

These categories include (i) "a terminal illness (i.e., a serious and advanced illness with an end of life trajectory); [and] (ii) "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

(B)

Upon reviewing the record, the Court is unable to conclude that any "extraordinary and compelling reasons" justify a reduction. While the COVID-19 pandemic poses a general threat to every non-immune person in BOP custody (as well as every non-immune person in the country), that alone cannot provide a basis for a sentence reduction. "[T]he mere existence of COVID-19 in society and possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

"Perhaps a prisoner could satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *United States v. Melgarejo*, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020).

The Defendant does not claim to suffer from a terminal illness or any "serious physical or medical condition . . . that substantially diminishes his ability to provide self-care within the environment of a correctional center and from which he or she is not expected to recover." He also does not allege he is suffering from a chronic medical condition that has been identified by the CDC as elevating an inmate's risk of becoming seriously ill due to COVID-19.

The 2020 medical records on file from FCI Bleckley showed that the Defendant currently suffers from: other early skin lesions; dermatophytosis of foot (tinea pedis); presbyopia; chronic apical periodontitis, actinic keratosis; unspecified anomaly of ear with hearing impairment; obesity, cannabis use disorder, mild; and stimulant related disorders (sever: amphetamine type substance). The following medical conditions had been resolved: diabetes mellitus, type II, resolved June 16, 2016; hyperlipidemia, mixed, resolved June 16, 2016; morbid obesity, resolved June 8, 2017; hypertension, unspecified essential, resolved June 16, 2016; cellulitis and

abscess of leg, except foot, resolved June 5, 2012; arthropathy, unspecified, resolved November 2, 2017; pain in joint, other specified sites, resolved November 2, 2017; and low back pain, lumbago, resolved November 2, 2017.

There is no indication from the records that Defendant suffers from a terminal illness or any serious physical or medical condition consistent with § 1B1.13 cmt. n.1(A).  Moreover, there is no support in the medical records that Defendant has a chronic medical condition that has been identified by the CDC as elevating the risk of becoming seriously ill from COVID-19.  Accordingly, the Defendant has not shown any "extraordinary and compelling reasons" for a sentence reduction.

Additionally and significantly, FCI Beckley, where the Defendant is an inmate, to date has not had a single inmate or staff member infected with the COVID-19 virus.  *See* www.bop.gov/coronavirus (last checked on July 7, 2020). The fact that there <u>could</u> be a COVID-19 breakout at a particular prison at some point in the future cannot alone be enough to justify compassionate release.  *See Raia*, 954 F.3d at 597.  While the Defendant has some medical issues, none of his current conditions would appear to qualify as "serious."  Two of his more serious medical conditions, hypertension and morbid obesity, have been resolved in recent years.  The Defendant's medical condition would appear to be fairly typical for a 58-year old man.

9

Based on the Defendant's fairly healthy medical condition and the absence of any case of the coronavirus at FCI Beckley, the Defendant has failed to meet his burden of establishing "extraordinary and compelling reasons" for a sentence reduction within the meaning of § 3582(c)(1)(A). Accordingly, the Court is unable to conclude that Defendant is entitled to compassionate release.

<u>Ergo</u>, the Motion of Defendant James J. Denby, Jr., for Compassionate Release [d/e 98] is DENIED.

The Clerk will send a copy of this Order to the United States Probation Office.

ENTER: July 8, 2020

    FOR THE COURT:

    /s/ *Richard Mills*
    Richard Mills
    United States District Judge